ON the 2d day of March, 1785, there issued from the commonwealth of.Yirjáiúa, to John Holder, a pa *190 tent for five hundred acres of hnú; andón the 20th day of September, 1786, there issued from the same source, to Edward Williams, a patent for one thousand acres. The boundaries of these patents, in part, conflict with each other; and prior to 1798, Joseph Brooks, claiming under the patent to Holder, settled within the boundaries thereof, but outside of the interference with Williams’ patent; and in 1798, Elias Dean, under a contract for a lease for eight years with Reed, who claimed under the patent of Williams, settled within the boundaries of Williams’ patent, and upon that part which interferes with Holder’s patent. Dean continued to reside upon the land, without having in fact received the lease which he contracted for with Reed, and without making any further contract in relation to the land with Reed, until the spring of 18.19. But prior to that time, and shortly after Dean took the possession under Reed, he received a lease for the same from Joseph Brooks, who claimed as aforesaid under the patent of Holder, and shortly thereafter, and before the expiration of'th.e eight years for which the lease was to have been made by Reed, a contract was made between Joseph Brooks and Dean, wherein the former w;as to convey the said land to the latter. Subsequent to this, and prior to 1819, Dean, by parol contract, sold the land which he had purchased as aforesaid, from Joseph Brooks, to Joseph A. Brooks, and by mutual consent of the parties, instead of making a title to Dean, according to his contract, Joseph Brooks 'executed a deed of conveyance to Joseph A. Brooks. Joseph A. Brooks then leased the land to Rawson, and in 1819, Dean removed therefrom, and Rawson immediately entered and has continued.toi reside thereon ever since.
To obtain possession of the land, Reed, in February 1821, caused to be. issued from a justice of the peace, ^ warrant against Rawson, charging him in the alternative with having forcibly entered on the land, or forcibly detained the possession thereof, and the proceedings having finally come before the circuit court by traverse, judgment was recovered by Rawson.
From that judgment,- Reed has appealed to this court.
Whether or not, under the preceding state of facts, a warrant, either for a forcible entry or forcible; *191 detainer, cap be maintained by Reed against Rawson, is the main question presented for the determination of this court.
The provision of our act of 1809-10, dispensing with proof of actual force in certain cases of forcible entry andt detainer, is not retrospective, but prospective only.
1 Dig. 612.
That a Warrant for a forcible entry cannot be main. taihéd, is, we apprehend, perfectly clear. For theré is á tdtal absence of evidence conducing to prove any thing iike actual force having been committed by Raw-son in entering on the land ; and as he entered under a lease from Joseph A. Brooks, Who had purchased from Dean, and by the approbation of Dean, had received a Conveyance from Joseph Brooks, who had sold to Dean, and ás that entry was made immediately upon Dean’s removing from the land, it must be presumed to have been made with his approbation and consent, and consequently, cannot, even under the constructive operation of the act regulating forcible entries, be denominated a forcible entry.
2. Nor do we suppose a warrant for a forcible de. tainer, can be sustained by Reed. If there had been any evidence of actual force in detaining of the possession by Rawson, we should not doubt the propriety of Reed’s sustaining a writ for the force. For as Raw-son obtained the possession through Dean, who ob tained the possession from Reed, he must be subject to any remedy which might have been pursued by Reed against Dean, and after actual force in withholding the possession, there could be no doubt of the propriety of Reed proceeding against Dean for a forcible detainer, But there is no evidence of actual force having been committed either by Dean or Rawson in detaining the possession; and without such force, we ap. prehend, a warrant for a forcible detainer, cannot, under the circumstances of this case, be maintained by Reed. Under the sixteenth section of the act of this country, regulating such proceedings, it is true, actual force in detaining the possession, is not necessary to authorise a landlord to maintain a warrant for a forcible detention against his tenant, or any other who may have detained the possession from the tenant, and if the present case came within the operation of that section of the act, we should have no hesitancy in sustaining Reed’s warrant. But we cannot admit that section of the act to have any influence upon Reed’s right. That section provides, “ if any tenant at will, after the expiration of the will of his landlord, or otk *192 er tenant, after the expiration of his term in the premises, refuse to restore the possession to his landlord, he shall be adjudged guilty of a forcible detainer and may be proceeded against accordingly.” The provisions of this section, import most obviously, a, prospective operation, and should not be construed to bear upon cases of tenants holding over prior to its enactment. The section might, no doubt, with propriety bé construed to embrace those cases jofltenants at will, or for term of years, where, at the passage of the act, there had been no determination of the will or expiration of the term, but to make it apply to cases where either the will had been determined or .the term- expired, would not only do violence to the fair import of the section, but contrary to the settled rules of interpreting statutes, would, by construction, be imputing to the legislature, an intention to make that a forcible detainer which was already done, and whieh, when done; was not so. If, therefore, we are correct as to the import of the section of the act to which reference has been made, it follows, that the case under consideration, cannot be governed by it; for the term of the lease from Reed to Dean, had not only expired sever-feral years previous to the passage of the act of this country, but Dean, prior to that time, had evinced a refusal to restore the possession t« Reed, by not only receiving a lease from Joseph Brooks for the same land, but also by contracting with Brooks for the purchase of it.
It results, therefore, that in point of law, upon the facts proved, Reed has shewn no right to recover the possession in the form of proceeding selected by him, and the court was consequently correct in so instructing the jury.
The judgment must, therefore, be affirmed with COSÍS.